**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

EDUARDO JUSTO-RAMIREZ (A-No. 246-059-492),

Petitioner,

v.

WARDEN/ FACILITY ADMINSTRATOR, et al.,

Respondents.

Case No. 1:26-cv-05684-JLT-EPG

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Before the Court is Eduardo Justo-Ramirez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 7 at 3.) Petitioner entered the United States and voluntarily departed many times from 1998 to 2007. (*Id*. at 4.) After his last voluntary departure on September 4, 2007, Petitioner re-entered the United States sometime around 2007 and was not then encountered by immigration officials. (*Id*.; *see also* Doc. 1 at 5.) According to Petitioner, he has been living continuously in the United States since 2007. (Doc. 1 at 5.) Petitioner indicates that during this time, he worked as a day laborer and maintained a stable

address in Anaheim, California, with his naturalized U.S. Citizen wife. (*Id.*) Petitioner has no criminal history and there is no indication in the record that he poses a danger to the community. (*See* Doc. 7 at 4.) On July 3, 2025, Immigration and Customs Enforcement apprehended the Petitioner during a targeted enforcement operation at the Home Depot located in Anaheim, California. (*Id.*) After his arrest, on July 4, 2025, ICE issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id.* at 4, 7.)

ICE transferred Petitioner to California City Detention Center. (Doc. 1 at 6.) Petitioner has been detained for approximately thirteen months without an initial bond determination. (*Id.* at 2, 6.) On August 25, 2025, the Immigration Judge denied Petitioner's request for a custody redetermination on grounds that the IJ lacked jurisdiction to do so under 8 U.S.C. § 1225(b). (*Id.* at 2; Doc. 1-1 at 1–2.) On April 13, 2026, the IJ denied Petitioner's request for asylum, withholding of removal, and deferral of removal and ordered Petitioner removed to Mexico. (Doc. 7 at 12–15.) Petitioner reserved the right to an appeal and timely appealed the IJ's decision to the Board of Immigration Appeals on April 28, 2026. (*Id.*; Doc. 1 at 7.) That appeal remains pending.[1] (Doc. 1 at 7.) As such, Petitioner's order of removal is not administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

On July 21, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 10–12.) On August 13, 2026, Respondents filed an opposition arguing that Petitioner is an applicant for admission under expedited removal procedures set forth in 8 U.S.C. § 1225(b)(2)(A) and therefore his detention is mandatory. (Doc. 7 at 1.) Nonetheless Respondents acknowledge that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a custody redetermination hearing under § 1226(a). (*Id.*)

///

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information confirms that Petitioner was ordered removed and that his appeal to the BIA remains pending as of April 28, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 26, 2026).

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no indication that Respondents have provided Petitioner with any kind of initial custody determination. (*See* Docs. 1, 7.) Thus, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not

granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the California City Detention Center in California City, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 27, 2026_

Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE